IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VINCENT BEST, § | | |
|     Petitioner § | | |
| § | | |
| § | | |
| V. § | | C.A. NO. C-10-270 |
| § | | |
| JIM LEE, § | | |
|     Respondent § | | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Prison Camp in Three Rivers, Texas. Proceeding *pro se*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on January 8, 2000, arguing that his sentence has expired and he should be released from custody. Petitioner also seeks a change of venue. For the reasons stated herein, it is respectfully recommended that petitioner's cause of action be dismissed for failure to exhaust his administrative remedies and also on the merits. In addition, it is respectfully recommended that petitioner's motion for change of venue be denied.

### JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 2241. Lee v. Wetzel, 244 F.3d 370, 373 n. 3 (5th Cir. 2001); 28 U.S.C. § 124(b)(6).

## BACKGROUND

### A. Factual Background

According to a judgment entered in the United States District Court for the Western District of North Carolina, Charlotte Division, petitioner pleaded guilty on September 23, 1994 to one count of conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base (Jmt. in Case No. 3:93CR216-03, attached to Resp. Mot. for Sum. Jmt., D.E. 19, Ex. 1).[1]  Petitioner was sentenced to a term of life imprisonment and a supervised release term of five years (Id.).

On July 31, 2006, petitioner's sentence was reduced to 360 months, following petitioner's motion for reduction of sentence seeking retroactive application of Amendment 505 of the United States Sentencing Guidelines (Order attached to Resp. Mot. for Sum. Jmt., D.E. 19, Ex. 7).  Petitioner's projected release date via good time credit is September 22, 2020 (Sent. Monitoring Comp., attached to Resp. Mot. for Sum. Jmt., D.E. 19, Ex. 3).

Petitioner argues that rather than a life sentence, the original sentencing judge actually imposed a five-year sentence.  He claims that the judge pronounced the sentence in open court and that when an oral pronouncement of sentence conflicts with a written sentence, the oral pronouncement prevails.

---

[1] This motion is not currently pending because it was declared moot by the district court in South Carolina (D.E. 40, p. 2).  Nevertheless, the parties have agreed that the issues in this case have been adequately briefed and both declined the opportunity to submit supplemental briefs.

**B. Procedural Background**

At the time petitioner filed his original petition, he was incarcerated at F.C.I. Williamsburg in Salters, South Carolina, which is in the Florence Division of the South Carolina District of the United States District Court (D.E. 1, p. 4).[2] Warden John Owens was named as the respondent in the action and on May 4, 2009 he filed a motion for summary judgment to which petitioner responded on May 14, 2009 (D.E. 19, 24).

On January 6, 2010 petitioner moved for a change of venue. He explained that he had been transferred to a federal facility in Brooklyn, New York and was now in the custody of Warden Duke Terrell. He asked that Terrell be named as the respondent and that the case be transferred to the appropriate district court in New York (D.E. 34). Respondent did not oppose the change of venue and in fact argued that because petitioner was in New York, respondent Owens no longer had the authority to release petitioner even if petitioner prevailed on his cause of action (D.E. 35). The case subsequently was transferred to the Eastern District of New York. In the order transferring the case, the United States District Judge dismissed the pending motions as moot with leave to refile pending instructions from the district court in New York (D.E. 40).

Petitioner filed a motion for injunctive relief on February 17, 2010, asking not to be transferred from New York because he believed it would divest the court of jurisdiction before the merits of his case could be considered (D.E. 44). The court denied

---

[2] http://www.scd.uscourts.gov/Court/division.asp#flor; http://www.bop.gov/locations/institutions/wil/index.jsp.

the motion on February 22, 2010 and noted that if petitioner were transferred such that venue became improper in the New York district court petitioner could move to transfer venue to the district of his incarceration (D.E. 45).

On April 5, 2010 petitioner, who had been transferred to FCI Three Rivers in the Southern District of Texas, filed a motion in the New York District Court asking that his original petition for habeas relief be granted (D.E. 47). On August 6, 2010 the district court in New York transferred the case to the Southern District of Texas because the petitioner was no longer in New York and had no connection to the district (D.E. 49). The case subsequently was transferred to the Corpus Christi Division (D.E. 51).

On September 3, 2010 the undersigned ordered the clerk to substitute Jim Lee, the acting warden at FCI Three Rivers, as the respondent and ordered the United States Attorney to enter an appearance. In addition, it was noted that the matters raised in the petition appeared to be adequately briefed but the parties were given 30 days to supplement their briefs if desired (D.E. 52). The United States Attorney entered an appearance on September 7, 2010 (D.E. 53). Supplemental briefs were not filed.

On October 4, 2010 petitioner filed a motion to transfer venue to the Charlotte Division of the Western District of North Carolina (D.E. 54). He first argues that he does not want his 28 U.S.C. § 2241 petition characterized as a 28 U.S.C. § 2255 petition or any other cause of action without allowing him an opportunity to omit the portion of his petition that is outside the scope of the § 2241 petition. He goes on to argue that

jurisdiction and venue are proper in the Western District of North Carolina because that is where he was sentenced. No response to the motion was filed.

## APPLICABLE LAW

**A. 28 U.S.C. § 2255**

A § 2255 motion provides the primary means of collateral attack on a federal sentence. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000)(citing Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. Id. A § 2255 motion must be filed in the sentencing court. Id. A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. Id. at 452.

Petitioner insists that he is not challenging the sentence in his case, but only the BOP's interpretation of the sentence. See D.E. 46, 47, 54, p. 2. However, it is clear that petitioner was sentenced initially to life in prison which was later reduced to 30 years (Jmt. in a Criminal Case, att. to Mot. for Sum. Jmt, D.E. 19, Ex. 1; Order reducing Sent., att. to Mot. for Sum. Jmt, D.E. 19, Ex. 7). He clearly *is* challenging the judgment in his case because the basis of his argument is that the written judgment does not reflect the court's oral pronouncement of sentence at the time he pleaded guilty. Accordingly, he should have brought his case as a § 2255 motion and he would have to bring such a claim in the sentencing court.

In addition, the only way petitioner could bring his claim under §2241 would be to invoke the savings clause of § 2255 by showing that it is inadequate or ineffective to test the legality of his conviction. Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000)(per curiam).

The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added).

A petitioner must satisfy a two-prong test before the savings clause can be invoked to address errors occurring at trial or sentencing in a petition filed under § 2241. The Fifth Circuit has explained the test as follows:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion. Under these circumstances, it can be fairly said, in the language of the savings clause, that the 'remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention.' Of course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access of the savings clause.

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001)(italics in original)(citing Pack, 218 F.3d at 452). Section 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or

6

ineffective. Id. at 901 (citing Pack, 218 F.3d at 452; Kinder v. Purdy, 222 F.3d 209, 214 (5th Cir. 2000)). Notably, a § 2255 motion is not inadequate or ineffective merely because a petitioner cannot meet the "second or successive" requirements under the Anti-Terrorism and Effective Death Penalty Act. Pack, 218 F.3d at 452-453 (citations omitted). Similarly, the procedural barrier of a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy. Id. at 453.

Petitioner in this case has made no effort to show that § 2255 is inadequate or ineffective for addressing his challenge to his sentence. Accordingly, it is recommended that his cause of action be dismissed because this court does not have jurisdiction to consider his § 2255 claim and also because he cannot show that § 2255 is inadequate or ineffective to address his claims, which would allow him to bring the claim under § 2241.

### B. 28 U.S.C. § 2241

In the alternative, if petitioner were able to bring an action under § 2241 he still has failed to show that he is entitled to relief. Prisoners seeking relief under 28 U.S.C. § 2241 must show that they are being held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Prisoners proceed under § 2241 when they attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. Pack, 218 F.3d at 451 (5th Cir. 2000)(citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n. 2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998)(holding that claims for sentence

credit to federal sentences are properly brought pursuant to § 2241). "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." Gabor, 905 F.2d at 78 (citing Blau v. United States, 566 F.2d 526 527 (5th Cir. 1978) and McClure v. Hopper, 577 F.2d 938, 939-940 (5th Cir. 1978)). Accordingly, a § 2241 petition must be brought in the district where the petitioner is incarcerated. Pack, 218 F.3d at 451(citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) and Blau, 566 F.2d at 527).

Petitioner in this case asserts that he is bringing a § 2241 cause of action because he believes that the sentencing court imposed a five-year sentence but that prison authorities have misinterpreted the sentence--first as a term of life imprisonment and now as a 30-year sentence. If indeed the court had imposed a five-year sentence on petitioner and the BOP had held petitioner for a longer period of time, he is correct that he would challenge his custody under § 2241. For the sake of argument, it will be assumed that he has correctly set forth the premise of his law suit and is entitled to bring a § 2241 cause of action.

### 1. Exhaustion of Administrative Remedies

It is well established that a petitioner seeking habeas relief under § 2241 must first exhaust remedies available through the three-tiered BOP system for pursuing administrative claims set forth at 28 C.F.R. § 542.10, et. seq. Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). An exception to the exhaustion requirement may be made if the petitioner demonstrates "extraordinary

circumstances" such as the unavailability of administrative remedies, the inappropriateness of the remedies, or the futility of pursuing such remedies. Id. at 62.

Petitioner in this case concedes that he has not exhausted his administrative remedies. In his motion for change of venue (D.E. 54), he argues that exhaustion would be futile because he is challenging the validity of 28 C.F.R. §§ 570.20 and 570.21 and asserts that the BOP does not have authority to correct the sentence or execute the sentence in another manner without court authority. However, the regulations he cites address the BOP's consideration of placement of inmates in community confinement and that is not an issue in his case. See Tischendorf v. Van Buren, 432 F.Supp.2d 606 (N.D. Tex. 2007). Rather, petitioner argues that the BOP is not properly executing his sentence. The BOP should be allowed to address his concern administratively. Accordingly, it is recommended that his 28 U.S.C. § 2241 cause of action be dismissed for failure to exhaust his administrative remedies.

**2. Merits**

In the alternative, it is recommended that petitioner's § 2241 cause of action be dismissed on the merits. Petitioner bases his argument that he is entitled to relief on part of the colloquy at the time he pleaded guilty:

THE COURT: How much [cocaine] are we talking about here, Ms. Shappert?[3]

MS. SHAPPERT: Your Honor, with regard to Mr. Best, we're talking an excess of five kilos of cocaine base, and no more than 15 kilograms of cocaine base.

---

[3]Ms. Shappert was the Assistant United States Attorney in petitioner's case.

THE COURT: I want to be sure what we have here. We have more than five kilograms of cocaine, is that right?

MS. SHAPPERT: More than five kilograms of cocaine base.

THE COURT: Cocaine base?

MS. SHAPPERT: Yes sir, but less than 15 kilograms of cocaine base. Base offense level under the guidelines is 40.

THE COURT: Well, let's see. That much cocaine base is a minimum of 10 years imprisonment, not more than life, is that right?

MS. SHAPPERT: Yes sir, that's correct.

THE COURT: As far as Mr. Best is concerned, Mr. Best has more than 50 grams of cocaine base. A minimum in that case is at least 10 years imprisonment, but not more than life imprisonment, a four million dollar fine or twice the pecuniary gain or loss. Do you understand the maximum and minimum penalties which may be imposed upon you?

MR. BEST: Yes, sir.

THE COURT: Has anyone advised you any differently as to minimum and maximum penalties which may or must be imposed upon you?

MR. BEST: No, sir.

THE COURT: In the case of Mr. Best, I don't I told you [sic] also that there is a Supervised Release term of at least five years. In the event of a second conviction of you, I don't know whether you have or not, but the second conviction would require a minimum of 20 years imprisonment and twice the pecuniary gain or loss. *The Court will also impose upon you a term of at least five years imprisonment and that would double also if there was a prior conviction.* Do you understand that, Mr. Best?

MR. BEST: Yes, sir.

(Trans. of Plea and Rule 11 Inquiry in <u>United States v. Best</u>, No. 3:93CR216-03, D.E. 19,

Ex. 5, pp. 4-6)(emphasis added).

10

Petitioner argues, correctly, that where there is a conflict between a written order of sentence and oral pronouncement of a sentence the latter is controlling. See United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001). Petitioner then asserts that when the judge said that he would "impose upon [him] a term of at least five years imprisonment and that would double also if there was a prior conviction" that the judge was sentencing him to a five-year term of incarceration. Petitioner's argument fails for several reasons.

First, the most coherent reading of the colloquy indicates that when the judge spoke of a term of "at least five years imprisonment" he misspoke and actually was talking about imposing a five-year term of supervised release. Seconds earlier he had told petitioner that the minimum term of imprisonment in his case was 10 years and had then begun to talk about supervised release. In the context of the entire colloquy it is clear that the court was talking about a five-year term of supervised release but mistakenly referred to it as a term of imprisonment.

Second, even if the judge were talking about a term of imprisonment, he told petitioner that he would impose a term of *at least* five years, leaving open the possibility of a much longer sentence. Nothing in the statement contradicts the later-imposed life sentence.

Finally, the statement was not made during the sentencing, but while the court was taking petitioner's plea. During the actual sentencing hearing, held on September 23, 1994, the court stated the following:

11

> Total offense level 42; criminal history category 2. Statutory is 10 years. Guideline: 260 months to life. The Court will impose a life term on the defendant. Statutory provisions, supervised release: Five years. Guidelines: Five years. The Court will impose a five-year term of supervised release, which may seem ambiguous, but I'm imposing supervised release. You may somehow get out before the life sentence.

(Trans. of Factual Basis, Sentencing, and Bond Revocation, in United States v. Best, No. 3:93CR216-03, D.E. 19, Ex. 6, pp. 29-30).

In sum, nothing in the plea colloquy cited by petitioner supports his contention that the trial court orally imposed, or intended to impose, a five-year term of incarceration. To the contrary, the record shows unequivocally that the trial court imposed a term of life imprisonment, which subsequently was reduced to a term of 30 years. Accordingly, the BOP is correctly administering petitioner's sentence and summary judgment should be entered for respondent on petitioner's 28 U.S.C. § 2241 cause of action.

### C. Motion For Change of Venue

Petitioner seeks a change of venue in his case pursuant to 28 U.S.C. §1404(a) or §14.06(a). Section 14.04(a) provides that for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought. Section 14.06(a) provides that the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or, if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Petitioner asserts repeatedly that he does not wish to have his case construed as an action brought pursuant to 28 U.S.C. § 2255 (D.E. 46, 47, 54, p. 2), but also argues that his case should be transferred to the sentencing court. As discussed above, jurisdiction for a § 2241 action lies in the district where a petitioner is incarcerated. Petitioner is incarcerated in the Southern District of Texas and jurisdiction of his § 2241 action lies in this district court. Petitioner has provided no basis to transfer the case to the North Carolina court where he was convicted. Accordingly, it is recommended that petitioner's motion to transfer venue be denied.

## RECOMMENDATION

For the reasons stated above, it is respectfully recommended that summary judgment be granted to respondent and petitioner's 28 U.S.C. § 2241 cause of action be dismissed. It is further recommended that petitioner's motion to transfer venue (D.E. 54) be denied.

Respectfully recommended this 4th day of November, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).